GLADNEY, Judge.
Plaintiff instituted suit upon defendant’s check dated July 1, 1954, for $258, after payment on the check had been stopped. Made respondent in this action brought in the City Court of Shreveport, defendant admitteci, her signature on the check but declared it was given to plaintiff because of his threats and was not for any obligation on her part. She averred in her answer: “That she issued the check for the $258.00 due to the threats made by the plaintiff but she denies1 that she owes the plaintiff anything or issued the check for any money that she was due and owing to the plaintiff whatever.”
The trial court sustained a motion for judgment in favor of plaintiff on the face of the pleadings and defendant has appealed.
A careful scrutiny of the pleadings has convinced us the effect of respondent’s answer is to urge failure of consideration for the instrument sued upon.
The answer also alleged plaintiff represented to her that her parents and brother were indebted to him and it is argued that even if the check was given in payment of debts of her parents and brother she had a right to revoke the same prior to its acceptance. Plaintiff’s petition does not allege the check was given for obligations for defendant’s relatives but expressly declares the money was advanced to defendant in the form of loans for a period of several months prior to July 1, 1954.
The trial court rendered judgment pursuant to the provisions of LSA-R.S. 13:-3601, which provides in part as follows:
“At any time after the answer is filed the plaintiff may by rule submit to the court the question of his right to , a judgment upon the petition and answer. *114 For the purpose of the trial of such rule all material allegations of. fact contained in the petition and not denied in the answer, and all allegations of fact contained in the answer, shall be deemed and taken as true, * *
 We are of the opinion, if we con sider the allegations and denials of the peti tion and answer as being true, as we mus under the above statutory provisions, it was manifest error to adjudge the case only on the pleadings. The defendant should be permitted to present evidence in support of the plea of want of consideration which was denied in the procedure followed by the trial court.
Our conclusion renders it unnecessary to discuss the argument of counsel that defendant had the legal right to revoke a stipulation pour autri, should the check be considered as given in payment of debts dlue plaintiff by defendant’s parents and brother.
For the foregoing reasons the judgment from which appealed is annulled and set aside and the case is remanded for further proceedings not inconsistent herewith, costs of appeal to- await a final determination of the case.